**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Angel Marina SANDOBAL, aka
Zacarias Mejia Marina,
Defendant–Appellant.**

**No. 99–10589.**

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 8, 2001.[1]

Decided Jan. 17, 2001.

Before GOODWIN, GRABER and PAEZ, Circuit Judges.

**MEMORANDUM**[2]

Zacharias Mejia Marina, aka Angel Sandobal–Marina ("Sandobal"), appeals his conviction after pleading guilty to possession with intent to distribute methamphetamine, interstate travel in aid of racketeering, and reentry of a deported alien. He

---

1. The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

2. This disposition is not appropriate for publication and may not be cited to or by the court of this circuit except as provided by 9th Cir. R. 36.3.

assigns error to the district court's denial of his motion to suppress.

■ Sandobal contends that he did not give the trooper valid consent to search his vehicle. After an evidentiary hearing on Sandobal's motion to suppress, the district court made the following factual findings:

Let me begin by saying really the only issue ... is the defendant's familiarity with the English language so as to make the prong of knowing and intelligent fit the consent to search the vehicle.

... [I]t is uncontradicted that the defendant understood the trooper when he said that the defendant was going seventy-five miles an hour. He understood the trooper when the trooper asked whose car it was. He understood the troopers when they told him to go stand a while over there at the side of the road. He understood the trooper when he was asked where Mr. Rivera lived. He understood the trooper ..., in other words, when he asked the second time, can we still search the car.

I noticed that during the course of the defendant's testimony a couple of times he got ahead of the interpreter in responding to ... the question of Mr. Trejo in English. One was "Did you understand him?" He answered the question before he got the translation. The other was the question about the cappuccino in the car. He answered before he got the translation. On balance, I believe that the defendant understood when he was asked whether the trooper could search the car.

The district court also made specific findings of fact concerning the vehicle stop, the justification for the stop, the observations of the trooper, the grounds for the trooper's suspicions, the reasonableness of the duration of the stop, Sandobal's understanding of the consent to search, and the knowing and intelligent consent on behalf of Sandobal to the trooper for the vehicle search. Accordingly, the district court found the consent was "knowing," "voluntary," and "intelligent." We agree.

■ Sandobal next argues that *Miranda* warnings should have been given. We disagree, because Sandobal was not under arrest or subject to custodial interrogation during this ordinary traffic stop. *United States v. Perez*, 37 F.3d 510, 515 (9th Cir.1994).

■ Finally, Sandobal argues that Trooper Pecson should not have been allowed to testify in the suppression hearing that Sandobal was "unusually nervous" during the stop because only a psychologist or a person who knew Sandobal could so testify. However, this was a permissible lay opinion. *United States v. Mastberg*, 503 F.2d 465, 470 (9th Cir.1974).

The judgment on the guilty plea is AFFIRMED.